252 So.2d 274 (1971)
COSID, INC., Appellant,
v.
BAY STEEL PRODUCTS CO., Inc., a Florida Corporation, Appellee.
No. 70-1060.
District Court of Appeal of Florida, Fourth District.
August 3, 1971.
Rehearing Denied September 30, 1971.
Alan R. Lorber, of Kommel, Rogers, Lorber & Shenkman, Miami Beach, for appellant.
Joe N. Unger, of Smith, Mandler, Smith & Parker, Miami Beach, for appellee.
PER CURIAM.
Defendant-Bay Steel was granted summary judgment in an action by plaintiff-Cosid to replevy a quantity of steel. We reverse and remand.
Cosid claims the steel in question was bought under suspicious circumstances and that defendant had a duty to inquire further concerning the origin and ownership of the steel. Such an inquiry would have disclosed that Cosid gave no actual authority for the steel's disposition and that the alleged authority was a forgery. Defendant feels he acquired possession of the steel rightfully and should be allowed to retain possession.
The absence of an investigation, according to plaintiff, would render defendant ineligible for the protection of the U.C.C. offered to buyers in the ordinary course of business.
"(9) `Buyer in ordinary course of business' means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker. `Buying' may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a pre-existing contract for sale but does not include a transfer in bulk or as security for or in total or partial satisfaction of a money debt." (Emphasis supplied.) Section 671.1-201(9), F.S. 1969, F.S.A.
The significance of being a buyer in the ordinary course of business is the acquisition of the goods free of the outstanding title of the true owners. See Anderson's Uniform Commercial Code, 2nd Edition, § 1.201:19 and 1.201:23; Section 671.203, F.S. 1969, F.S.A.; Atlas Auto Rental Corp. v. Weisberg, 1967, 54 Misc.2d 168, 281 N.Y.S.2d 400 and Correria v. Orlando Bank *275 & Trust Company, Fla.App. 1970, 235 So.2d 20.
In the instant case the selling price of the steel was low and the credit terms unusually attractive. In addition, for the first time, the sale was not made by the agent in his capacity as such, but by the agent in his personal capacity.
A factfinder may decide that all these facts should have put defendant on notice. It is, therefore, quite possible defendant would not be a buyer in the ordinary course of business. But we do not decide that issue. We do feel that the facts should be examined fully. We reverse and remand for a full trial to determine the critical fact issues involved.
Reversed and remanded.
REED, C.J., and WALDEN and OWEN, JJ., concur.