654 P.2d 1034

**TIGUEX OIL COMPANY, INC., a New Mexico corporation, Plaintiff-Appellant,**

v.

**Said Y. NASSAR, an individual d/b/a Nova Service, Defendant-Appellee.**

No. 14133.

Supreme Court of New Mexico.

Nov. 9, 1982.

Poole, Tinnin & Martin, Jason W. Kent, Albuquerque, for plaintiff-appellant.

Melvyn D. Baron, Gerald W. Roth, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

This action was brought in the District Court of Bernalillo County for collection of $11,688.98 on open account. The district court granted the defendant's motion for summary judgment and plaintiff appeals. We reverse the lower court's grant of summary judgment and remand to the district court.

In its complaint the plaintiff-appellant, Tiguex Oil Company, Inc. (Tiguex), alleged that defendant-appellee, Said Y. Nassar, is indebted to Tiguex on open account for deliveries of gasoline products to an Albuquerque service station in April and May, 1981. The appellee denied the allegations and asserted that he did not own the business to which the deliveries were made. The appellee submitted sales agreements indicating that his father had purchased the station in August, 1980, and had sold it in January, 1981. The station was apparently sold again in March, 1981, but the whereabouts of the purchasers in the January and March, 1981, sales are now unknown. It is the appellee's contention that he acted only as an interpreter between his father and Tiguex.

In response to the appellee's motion for summary judgment, Tiguex filed the affidavit of Mr. John W. Wolf, President of Tiguex, in which Mr. Wolf asserts that he met with Mr. Nassar in August, 1980, at which time Mr. Nassar agreed to pay for deliveries to the service station. The affidavit further asserts that Mr. Nassar reconfirmed this undertaking to Mr. Wolf even after the business was purportedly sold in January, 1981. Mr. Nassar never represented himself to Mr. Wolf as an agent acting on behalf of another party. Tiguex also submitted a copy of Mr. Nassar's financial statement which he had delivered to Tiguex and on the basis of which Tiguex claims to have extended credit to him.

At the hearing on Mr. Nassar's motion for summary judgment, the court ruled in favor of the appellee and subsequently entered findings of fact that: 1) Mr. Nassar was not the owner of the service station in question at any time material to the cause; 2) Mr. Nassar did not order gasoline for the station; 3) if any contract of indemnity existed between the parties for the payment of gasoline to the station, it was oral and barred by the statute of frauds; and 4)

no open account existed between Tiguex and Mr. Nassar for the delivery of gasoline.

Summary judgment is a drastic remedy to be used with extreme caution. It is not a substitute for trial on the merits. The purpose of summary judgment is to determine whether a genuine issue of material fact exists, not to decide issues of fact. *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977). All reasonable doubts are to be resolved in favor of the party opposing summary judgment and the burden of carrying such a motion rests on the moving party. Summary judgment is foreclosed when there is a substantial dispute as to a material fact. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

The burden was on the movant, Mr. Nassar, to show the absence of a genuine issue of fact and that he was entitled to summary judgment in his favor as a matter of law. The sales agreements which he presented to the court deal with his father's purchase in August, 1980, and sale in January, 1981, of the service station in question. They neither support nor diminish Mr. Nassar's claim of non-ownership of the station in April and May, 1981. Even if we were to concede a prima facie showing by Mr. Nassar of non-ownership, such a showing would not necessarily preclude a finding of Mr. Nassar's indebtedness to Tiguex. *See* 77 C.J.S. *Sales* § 8 (1952).

Once the movant has made a prima facie showing that he is entitled to summary judgment, the burden is on the party opposing the motion to show there is a genuine issue of material fact. *Goodman, supra.* Tiguex, by its introduction of Mr. Wolf's affidavit, has met its burden of showing there are genuine issues of material fact. "[A] plaintiff is not required to establish his opposition to a motion for summary judgment by a preponderance of proof; it is sufficient that his affidavits show the existence of a genuine triable issue." 73 Am. Jur.2d *Summary Judgment* § 23, at 746 (1974). The existence or nonexistence of an open account and the exact nature of the dealings between Mr. Nassar and Tiguex are at issue. Mr. Wolf's affidavit states that Mr. Nassar himself contracted to pay for deliveries to the station while Mr. Nassar insists that he was acting only as a translator for his father. Mr. Nassar asserts that he did not order gasoline for the station, but Mr. Wolf asserts that he did. Mr. Wolf contends that Tiguex opened an account in Mr. Nassar's name at Mr. Nassar's request and that there is an unpaid indebtedness on this account. Mr. Nassar denies the account and his indebtedness. A motion for summary judgment may be granted only when the basic facts are clear and undisputed, *Williams v. Herrera,* 83 N.M. 680, 496 P.2d 740 (Ct.App.1972), not, as here, when the evidence before the court is conflicting.

The district court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and RIORDAN, J., concur.