657 P.2d 633

**Mary HUNICK and Leo Hunick, Plaintiffs-Appellants,**

v.

**E.J. Jerry ORONA, Michael A. Orona and Jim R. Baca, Director, New Mexico Department of Alcoholic Beverage Control, Defendants-Appellees.**

No. 14273.

Supreme Court of New Mexico.

Jan. 31, 1983.

Marchiondo & Berry, Patricia Ortiz, Albuquerque, for plaintiffs-appellants.

Theodore L. Raff, Los Lunas, for defendant-appellee E.J. Orona.

Dale Walker, William F. Webber, Albuquerque, for defendant-appellee Michael Orona.

## OPINION

FEDERICI, Justice.

Mary Hunick, co-plaintiff-appellant, brought this action in Bernalillo County District Court against E.J. (Jerry) Orona, co-defendant-appellee, for an accounting of the assets of an alleged partnership existing between herself and Jerry Orona. The partnership assets consist of a package liquor store and lounge and a New Mexico liquor license in which Mary Hunick and Jerry Orona each own a one-half interest. Jerry Orona sold the liquor license to Nick Kapnison (Kapnison), a dealer in commercial personalty. Kapnison, in turn, sought to sell the liquor license to Michael Orona, co-defendant-appellee and Jerry Orona's brother. Mary Hunick sought injunctive relief, which was granted, to prevent the sale of the liquor license to Michael Orona. At a motion to dismiss the injunction, the district court granted Michael Orona's motion to dissolve the injunction and granted summary judgment to Michael Orona, thus permitting him to purchase the liquor license from Kapnison.

At the same hearing, Leo Hunick, Mary Hunick's husband, sought to introduce an affidavit which states that he and Jerry Orona owned a one-half interest in the liquor package store and liquor license and that he had conversations to that effect with Michael Orona prior to this lawsuit. Further, the affidavit specified that Leo Hunick signed an agreement conveying his one-half interest in the liquor package store and liquor license to his wife. The affidavit also alleged that Michael Orona offered to purchase Leo Hunick's interest in the liquor license. The district court did not admit the affidavit into evidence as being an untimely filed document, pursuant to N.M.R. Civ.P. 56(e), N.M.S.A. 1978. However, subsequently the district court corrected the record on appeal to include Leo Hunick's affidavit and to join Leo Hunick as a co-plaintiff-appellant to this action.

This case involves a provision of the Uniform Commercial Code, adopted in New Mexico as Section 55-2-403(2), N.M.S.A. 1978. Defendants maintain that the above section is "clear and unchanging," thus permitting Kapnison to purchase the liquor license from Jerry Orona and, as a merchant, to sell the liquor license to Michael Orona. The district court found that the defendants were entitled to summary judgment because Kapnison was a bona fide purchaser of the liquor license without notice of outstanding claims of interest in the liquor license and therefore, Michael Orona, as a purchaser of the liquor license from Kapnison, stood in the shoes of a bona fide purchaser and was entitled to summary judgment as a buyer in the ordinary course of business. We disagree with the trial court's conclusion and reverse.

Section 55-2-403(2) provides:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business.

Defendants read the above section as a single piece. However, the Uniform Commercial Code is intended to be read as a whole, so that the full meaning of a question of commercial law can be adequately answered. 1 R. Anderson, Anderson on the Uniform Commercial Code at vii (3d ed. 1981). Nevertheless, defendants urge us to address our focus only to the status of Kapnison, thereby ignoring the status of Michael Orona altogether, except as he may be made a beneficiary of the bona fide purchaser status of Kapnison. Defendants submit that the proper rule of law is: after property has passed into the hands of a bona fide purchaser, every subsequent purchaser stands in the shoes of such a bona fide purchaser, irrespective of the subpurchaser's notice of any other claimed interests in the property. 77 C.J.S. Sales § 296(d) (1952); *Courtwright Cattle Co. v. Dolsen Co.,* 24 Wash.App. 917, 604 P.2d 522 (1979), *rev'd. on other grounds,* 94 Wash.2d 645, 619 P.2d 344 (1980). However, this rigid interpretation of the pre-Code standard has been changed by Section 55-2-403(2) with reference to the requirement that a purchaser be a "buyer in the ordinary course of business." In some cases,

then, it becomes appropriate to determine whether a purchaser, is in fact a "buyer in the ordinary course of business." *Matter of Gary Aircraft Corp.*, 681 F.2d 365 (5th Cir. 1982); *Rex Financial Corporation v. Marshall*, 406 F.Supp. 567 (W.D.Ark.1976); *Chartered Bank of London v. Chrysler Corp.*, 115 Cal.App.3d 755, 171 Cal.Rptr. 748 (1981); *Cosid, Inc. v. Bay Steel Products Co.*, 252 So.2d 274 (Fla.App.1971); *Taylor Motor Rental, Inc. v. Associates Discount Corp.*, 196 Pa.Super. 182, 173 A.2d 688 (1961); *International Harvester Company v. Glendenning*, 505 S.W.2d 320 (Tex.Civ. App.1974).

Thus, it becomes necessary for us to construe the language "buyer in the ordinary course of business" as it appears in Section 55–2–403(2). Section 55–1–201(9), N.M.S.A. 1978 defines the term:

> (9) "buyer in ordinary course of business" means a person who *in good faith and without knowledge that the sale to him is in violation of the ownership rights* or security interest *of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind* but does not include a pawnbroker. "Buying" may be for cash or by exchange of other property or on secured or unsecured credit and includes receiving goods or documents of title under a preexisting contract for sale but does not include a transfer in bulk or as security for or in total or partial satisfaction of a money debt; (Emphasis added.)

Section 55–1–201(19), N.M.S.A. 1978 defines "good faith" as honesty in fact in the conduct or transaction concerned.

The significance of being a buyer in the ordinary course of business is the acquisition of goods free of any outstanding claims from those who may be the true owners. *Cosid, Inc. v. Bay Steel Products Co., supra.* Therefore, a buyer in the ordinary course of business is a privileged status that is conferred upon a purchaser, even against the true owners, if he meets the requirements of Sections 55–1–201(9) and (19).

In this case, the allegations that serve to impugn the status of Michael Orona as a buyer in the ordinary course of business are contained in Leo Hunick's affidavit. Defendants contend vigorously that the affidavit was not properly before the district court, nor before this Court on appeal. We disagree.

■ The affidavit in question was attached to Hunick's brief in chief on the day of the hearing before the trial court to dissolve the injunction. The rule regarding the filing of affidavits has been liberally construed, especially in summary judgment proceedings. In *Richards v. Upjohn Co.*, 95 N.M. 675, 681, 625 P.2d 1192, 1198 (Ct.App. 1980) *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980), it was held:

> We reiterate our position in *Cordova v. City of Albuquerque*, 86 N.M. 697, 526 P.2d 1290 (Ct.App.1974) that the courts do have discretion to allow the filing of late affidavits under N.M.R.Civ.P. 6(d), N.M.S.A. 1978. This is particularly true in summary judgment proceedings, since it is important for the court to consider as much information as possible before concluding that there are no material facts in dispute. * * * Consequently, an affidavit submitted the day of the summary judgment hearing should be allowed, unless the other party needs time to rebut the information contained in the affidavit, and there is some reason that the hearing cannot be postponed.

The affidavit was presented on the day of the hearing, and it was properly before the district court. *Richards v. Upjohn Co., supra.* The affidavit was subsequently made a part of the corrected record on appeal, and is now properly before this Court. N.M.R.Civ.App. 8(f), N.M.S.A. 1978.

■ Bearing in mind the facts stated in Leo Hunick's affidavit, we now consider whether Michael Orona was a "buyer in the ordinary course of business" and whether summary judgment was proper. To become a "buyer in the ordinary course of business," Michael Orona must have purchased the liquor license "in good faith and without knowledge that the sale to him is in violation of the ownership rights of a third

party," here, the plaintiffs. § 55–1–201(9). And, the sale of the liquor license, to be founded in *"good faith,"* must reflect "honesty in fact." § 55–1–201(19). Leo Hunick states in his affidavit that Michael Orona was made aware of the plaintiff's ownership rights in the liquor package store and lounge and the liquor license, that Leo Hunick conveyed his one-half interest in the realty and personalty to his wife, and that Michael Orona offered to purchase Leo Hunick's interest in the liquor license for $5,000.00. These factual allegations are squarely opposed to the deposition submitted by Michael Orona wherein he claims no knowledge of the plaintiff's interest in the liquor license.

We observe that in comparable situations other courts have declined to affirm summary judgments, or decide in favor of purchasers, if there is a significant question regarding the status of the purchaser as a "buyer in the ordinary course of business." In *Linwood Harvestore, Inc. v. Cannon,* 427 Pa. 434, 235 A.2d 377 (1967), the court held that where a buyer of portable silos, from a dealer of that kind of goods, sought to resist a replevy action by the owner, summary judgment for the buyer would be precluded if the question was still open as to whether the buyer acted in good faith. In *Cosid, Inc. v. Bay Steel Products Co., supra,* the court concluded that summary judgment was not properly entered where under suspicious circumstances, the Bay Steel Products Company may have purchased a quantity of steel with knowledge that the agent with whom they were dealing was not consummating the sale in his agency capacity. In such circumstances, the court held that there was a factual issue as to whether the purchaser was a buyer in the ordinary course of business, in good faith, and was without knowledge that the sale was in violation of the ownership rights of another. And in *Rex Financial Corporation v. Marshall, supra,* it was held that the purchaser could not be a buyer in the ordinary course of business where he had constructive notice of a secured creditor's interest before the sale. *See generally,* Annot., 87 A.L.R.3d 1 (1978).

Here, according to the factual statements appearing in Leo Hunick's affidavit, a factfinder may determine that Michael Orona had notice of plaintiff's ownership rights in the liquor license. Accordingly, Michael Orona's status as a "buyer in the ordinary course of business," reflecting "good faith," is in question, a question to be resolved by the ultimate trier of facts.

Because there is conflicting evidence as to whether Michael Orona had notice of the plaintiff's interest in the liquor license, entry of summary judgment was not proper. *Tiguex Oil Company, Inc. v. Nassar,* 99 N.M. 134, 654 P.2d 1034 (1982). In view of the conclusion we have reached, we do not discuss the other issues raised by the parties.

The trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.