736 P.2d 135

Leo SCHMIDT, Plaintiff-Appellant and Cross-Appellee,

v.

ST. JOSEPH'S HOSPITAL, Dr. Ian Knight, and Dr. Thomas E. Broderick, Defendants-Appellees and Cross-Appellants.

No. 8250.

Court of Appeals of New Mexico.

March 19, 1987.

John Duhigg, Catherine Gordon, Duhigg & Cronin, Albuquerque, for plaintiff-appellant and cross-appellee.

Carl J. Butkus, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendant-appellee and cross-appellant St. Joseph's Hosp.

Bruce D. Black, Campbell & Black, P.A., Santa Fe, for defendant-appellee and cross-appellant Ian Knight, M.D.

James O. Browning, Bruce Hall, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellee and cross-appellant Thomas Broderick, M.D.

## OPINION

GARCIA, Judge.

Plaintiff appeals from an order granting summary judgment in his medical malpractice action against Dr. Ian Knight, Dr. Thomas Broderick and St. Joseph's Hospital. Subsequent to the court's dismissal of plaintiff's complaint, the trial court allowed plaintiff to supplement the record by filing an expert's affidavit. The matter is before this court on cross-appeals. Plaintiff challenges the trial court's summary dismissal of his complaint; St. Joseph's Hospital appeals the order of the trial court permitting plaintiff to supplement the record with an expert's affidavit after summary judgment had been granted. Drs. Knight and Broderick also filed notices of appeal on the issue of supplementation of the record. They, however, failed to file briefs-in-chief and their appeals are deemed abandoned. *See Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970).

## FACTS

Plaintiff underwent surgery for the removal of a hydrocele, a painful condition caused by the accumulation of fluid in a testicle. The surgery was performed at St. Joseph's Hospital by Dr. Knight. The anesthesiologist was Dr. Broderick. Two nurses assisted in the operating room, and other St. Joseph's personnel attended plaintiff before and after surgery.

Plaintiff alleged that when he awoke following surgery, he had pain in his left hand and arm. The condition was subsequently diagnosed as ulnar neuropathy, a nerve damage in his left elbow.

## SUMMARY JUDGMENT

The purpose of a summary judgment proceeding is to expedite litigation by determining whether a party has competent evidence to support his pleadings. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). The proceeding allows the court to penetrate the allegations of the pleadings to ascertain whether there is a genuine issue of fact in dispute. *See Pederson v. Lothman*, 63 N.M. 364, 320 P.2d 378 (1958). "The procedures provided by Rule 56 * * * serve a worthwhile purpose in disposing of groundless claims, or claims which cannot be proved, without putting the parties and the courts through the trouble and expense of full blown trials on these claims." *Goodman v. Brock*, 83 N.M. at 793, 498 P.2d at 680.

In summary judgment proceedings, the burden rests on the moving party to dem-

onstrate that there is no triable issue of fact. *See Tapia v. McKenzie,* 83 N.M. 116, 489 P.2d 181 (Ct.App.1971). Once the moving party makes a prima facie showing, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue. *See Goodman v. Brock.* The opposing party's duty in the face of a meritorious showing by the moving party is succinctly discussed by Professor Jerrold L. Walden in his treatise on Civil Procedure in New Mexico. Walden writes:

> [W]here movant has sustained the burden of proof in motion for summary judgment, the opposing party's mere reliance on the allegations contained in the pleadings to raise a triable issue of fact will be insufficient to resist the motion * * *. Nor will a mere argument or contention that a triable issue exists suffice or a general allegation without an attempt to show the existence of those factual elements comprising the claim or defense. In sum, there must be some concrete showing through the production of evidence indicating the existence of a genuine dispute between the parties.

J. Walden, *Civil Procedure in New Mexico* 258–259 (1973).

In support of their motions, defendants submitted affidavits of Dr. Broderick, Dr. William Brooks Gauret and Dr. Knight. In addition, various hospital and surgical records were appended to the affidavits. Defendants further referred to plaintiff's responses to interrogatories and to his deposition testimony. Finally, plaintiff was served with requests for admissions, but failed to respond to the requests. Those matters are deemed admitted. SCRA 1986, R. 1–036. Briefs in support of the summary judgment motions were filed by defendants. Plaintiff failed to file any response to the motions or to submit any affidavits, deposition testimony, answers to interrogatories or other supporting information to establish a factual dispute.

At the time of the summary judgment hearing, the trial court had before it plaintiff's complaint and deposition as well as the evidence submitted by defendant doctors and their experts. Plaintiff's complaint and deposition establish only that: plaintiff underwent surgery while under general anesthesia; following surgery, plaintiff suffered pain in his left arm and elbow; and plaintiff's condition was diagnosed as an ulnar neuropathy. In plaintiff's deposition and answers to interrogatories, he affirmatively states that he was unconscious throughout the surgical procedure and is unaware of any occurrence which might have caused the neuropathy. Defendants' evidence and affidavits in support of the motion established that they adhered to the recognized standards of medical practice and that their actions were not the proximate cause of plaintiff's injury. Defendants thus made a prima facie case that they were entitled to judgment as a matter of law.

## MALPRACTICE AND RES IPSA LOQUITUR

In any medical malpractice action, the plaintiff has the burden of proving that: 1) the defendant owed him a duty recognized by law; 2) the defendant failed to conform to the recognized standard of medical practice in the community; and, 3) the actions complained of were the proximate cause of plaintiff's injuries. *See Cervantes v. Forbis,* 73 N.M. 445, 389 P.2d 210 (1964). Here, plaintiff's responses to interrogatories indicate that he seeks to rely on the doctrine of res ipsa loquitur. Where there is such reliance, a plaintiff must establish that the injury was of a kind which does not ordinarily occur in the absence of someone's negligence and that the agent or instrumentality causing the injury was within the exclusive control of defendants. *See Tapia v. McKenzie.*

Although res ipsa loquitur may apply to medical malpractice actions as one form of circumstantial evidence, the doctrine does not relieve plaintiff from making a prima facie case. *See Buchanan v. Downing,* 74 N.M. 423, 394 P.2d 269 (1964); *Tapia v. McKenzie; Holmes v. Gamble,* 655 P.2d 405 (Colo.1982); *Hoover v. Gaston Memorial Hospital, Inc.,* 11 N.C.App. 119, 180 S.E.2d 479 (1971) (summary judgment upheld where plaintiff who suffered injury to ulnar nerve in left arm after surgery for

broken bone in right arm failed to obtain evidence as to when and how the injury occurred); *Talbot v. Dr. W.H. Groves' Latter-Day Saints Hospital, Inc.,* 21 Utah 2d 73, 440 P.2d 872 (1968). *Cf. Parks v. Perry,* 68 N.C.App. 202, 314 S.E.2d 287 (1984) (plaintiff offered expert testimony which tended to show that injury occurred due to improper positioning of arm); *Holloway v. Southern Baptist Hospital,* 367 So.2d 871 (La.App.1978).

■ The application of res ipsa loquitur to the facts of this case does not negate plaintiff's obligation to establish the existence of some genuine issue of material fact. *See Tapia v. McKenzie; Hoover v. Gaston Memorial Hospital, Inc.* It is insufficient that plaintiff states he does not know how the injury occurred when there is a showing that the actions of defendants were not the cause of the injury. Under these circumstances, plaintiff has failed to rebut the prima facie showing by the moving parties that they are entitled to summary judgment. *See Carrillo v. Hoyl,* 85 N.M. 751, 517 P.2d 73 (Ct.App.1973). Moreover, by his failure to deny certain requests for admissions filed by Dr. Broderick, plaintiff admitted that no act of negligence on the part of Dr. Broderick caused or contributed to his injury. Moreover, he admitted that the injury which he suffered "is of a kind which can occur in the absence of negligence on the part of any person." This admission is fatal to plaintiff's res ipsa loquitur claim because it eliminates a requisite element of the doctrine that the injury would not have occurred absent negligence.

■ As an alternative to his argument that res ipsa loquitur applies in the present case, plaintiff contends that common knowledge may be used to infer a question of fact as to defendants' negligence. We are not persuaded that this is the kind of injury or type of situation which can be resolved by reliance on a lay person's common knowledge. *See Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977); *Mascarenas v. Gonzales,* 83 N.M. 749, 497 P.2d 751 (Ct.App.1972). Under the circumstances of this case, expert testimony was required to rebut the prima facie showing that defendants adhered to recognized medical standards of the community and that their actions were not the proximate cause of plaintiff's injury. In a malpractice action, expert testimony is generally required to support a claim of negligence. *See Sewell v. Wilson,* 97 N.M. 523, 641 P.2d 1070 (Ct.App.1982); *Sanders v. Smith,* 83 N.M. 706, 496 P.2d 1102 (Ct.App. 1972).

## CROSS–APPEAL OF ST. JOSEPH'S HOSPITAL

■ Defendants were entitled to judgment unless plaintiff was successful in demonstrating the existence of a material issue of fact. Plaintiff relies on the affidavit submitted by Dr. Thomas. Initially, we determine that the affidavit may not be considered in reviewing the summary judgment. In a summary judgment hearing, the trial court may properly consider only those pleadings, depositions, answers to interrogatories, admissions and affidavits which are before it. NMSA 1978, Civ.P.R. 56 (Repl.Pamp.1980); *Roberts v. Piper Aircraft Corp.,* 100 N.M. 363, 670 P.2d 974 (Ct.App.1983). *See also Martin v. Board of Educ. of Albuquerque,* 79 N.M. 636, 447 P.2d 516 (1968). Although plaintiff filed his motion to supplement the record prior to the entry of summary judgment, the order allowing the record to be supplemented was entered almost two months after the summary judgment became final. We affirm the cross-appeal of St. Joseph's Hospital.

Plaintiff argues that the affidavit was timely because the trial court retained jurisdiction to vacate its judgment and allow the record to be supplemented by extending the time for plaintiff to file a notice of appeal. Even if the trial court had jurisdiction to supplement the record and vacate its judgment, the fact remains that the affidavit was not before the trial court at the summary judgment hearing.

Although the affidavit is now a matter of record, it was not before the trial court at the summary judgment hearing; thus, the affidavit cannot be considered by this court

in reviewing the trial court's determination that summary judgment was appropriate. *Cf. Hunick v. Orona*, 99 N.M. 306, 657 P.2d 633 (1983). Since the order permitting plaintiff to supplement the record does not affect the relevance of the affidavit for the purpose of appeal, it was not necessary for defendant doctors to appeal the order.

## FOOTNOTES

 There is a final matter on which we are compelled to comment. The answer brief filed on behalf of Dr. Broderick, while excellent in terms of issue analysis, makes excessive use of footnotes such that much of the argument and most of the case citations are contained in footnotes rather than in the body of the brief. The footnotes, extensively used and excessive in number, are all single-spaced, and some cover one-half to two-thirds of the page. We criticize this practice for two reasons: 1) the brief is difficult to read; and, 2) the practice skirts the page limit requirement of 35 double-spaced typewritten pages. SCRA 1986, R. 12–213(F). Extensive use of footnotes is a practice frowned upon by most legal writers. Professor Henry Weihofen, noted authority on legal writing style, states: "Footnotes are not normally used in brief-writing. If the thought is important enough to deserve a place in the brief, it can usually be fitted into the text." H. Weihofen, *Legal Writing Style*, 290 (2d ed. 1980).

The reader of a "footnote-bedecked" brief or opinion is continually interrupted and required to shift attention between the physically separated pieces of the page. Gordon, *A Note on Footnotes*, 60 A.B.A.J. 952 (1974).

Finally, while this practice may technically comply with the letter of our appellate rules, we believe it violates the spirit of the rules' page limitation requirement, and, therefore, we do not encourage it.

## SUMMARY

We determine that plaintiff failed to rebut defendants' prima facie showing by raising a genuine issue of material fact. Based on the evidence before the trial court at the summary judgment hearing, defendants were entitled to summary dismissal of plaintiff's complaint.

We further determine that plaintiff's reliance on res ispa loquitur, under the facts of this case, was misplaced. It is not necessary to reach the parties' arguments concerning the statute of limitations and plaintiff's compliance with NMSA 1978, Section 41–5–15 (Repl.1986).

The order of the trial court granting summary judgment is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.