60 F.3d 838
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William F. ZULS, Plaintiff--Appellant,
v.
UNITED STATES of America, Defendant--Appellee.
 No. 95-2029.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, William J. Zuls, brought this medical malpractice action under the Federal Tort Claims Act, 28 U.S.C. 2671-2680 and 28 U.S.C. 1346(b), against the Veterans Administration Medical Center in Albuquerque, New Mexico, seeking to recover damages for alleged negligent treatment and diagnosis on two different occasions. The district court granted summary judgment in favor of the appellee-medical center. We affirm.
 
 BACKGROUND
 
 3
 On February 9, 1990, Mr. Zuls went to the emergency room of the VA Medical Center because he was feeling depressed. He voluntarily admitted himself for psychiatric evaluation and stabilization. Mr. Zuls was diagnosed with depression and substance dependence. The doctors found that he had a history of alcohol abuse and that he had been addicted to Valium for approximately twenty years. According to Mr. Zuls, he took Valium to control stomach pains and resulting sleeplessness which were caused by a spastic colon and irritable bowel syndrome. Pursuant to the diagnoses of depression and substance dependence, the VA gradually weaned Mr. Zuls from Valium during his first hospitalization. During this time, the VA treated Mr. Zuls with antidepressant drugs. He was discharged on March 2, 1990.
 
 
 4
 Mr. Zuls returned to the emergency room at VA Medical Center on March 18, 1990, and expressed that he felt helpless and hopeless. He was voluntarily readmitted. During the intervening time between the two hospitalizations, Mr. Zuls began taking Valium again because of stomach pain. Once again, over the course of the second hospitalization, the VA weaned him from Valium and administered antidepressant drugs. Sleeping pills were also prescribed, as was medicine for his discomfort. Mr. Zuls was discharged on April 4, 1990. He then filed suit against the VA, asserting that the VA negligently diagnosed and treated him during his two hospitalizations, rendering him disabled with chronic depression and anxiety. He sought $2,000,000 in compensatory damages.
 
 
 5
 The VA moved for summary judgment on the basis that Mr. Zuls did not have a medical expert to establish the "causation" and "departure from the standard of care" elements of his medical malpractice claim and therefore he could not make out a prima facie case. Mr. Zuls responded to the VA's motion relying solely on the pleadings and his own testimony, arguing that he did not need a medical expert because he was presenting his case in a nontechnical manner. The district court determined that, in order to establish the elements of his claim, Mr. Zuls did need expert medical evidence. However, in light of the standards applicable to pro se litigants, see Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990), the district court deferred entry of judgment, and granted Mr. Zuls thirty days to identify the name of an expert witness and to file that expert's sworn affidavit. When thirty days expired and Mr. Zuls had failed to remedy the defects in his case, the district court entered an order granting summary judgment.
 
 
 6
 On appeal, Mr. Zuls essentially argues that the district court erroneously concluded that expert testimony was necessary to establish the standard of care and causation elements of his medical malpractice claim and therefore summary judgment was improper.
 
 DISCUSSION
 
 7
 We review de novo the district court's grant of summary judgment, examining the record to determine if any genuine issue of material fact was in dispute. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994). However, entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 8
 An action brought pursuant to the Federal Tort Claims Act is governed by the law of the state where the allegedly tortious conduct occurred. Franklin v. United States, 992 F.2d 1492, 1495 (10th Cir.1993). Pursuant to New Mexico law, a plaintiff in a medical malpractice action has the burden of showing that the defendant owed the plaintiff a duty recognized by law; the defendant breached that duty by departing from the proper standard of medical practice recognized in the community; and the acts or omissions complained of proximately caused the plaintiff's injuries. Blauwkamp v. University of N.M. Hosp., 836 P.2d 1249, 1252 (N.M. Ct.App.), cert. denied, 835 P.2d 80 (N.M.1992).
 
 
 9
 New Mexico law further provides that expert medical evidence is generally essential to establish the elements of "departure from the proper standard of care" and "causation" in medical malpractice actions. Toppino v. Herhan, 673 P.2d 1297, 1300 (N.M.1983); Crouch v. Most, 432 P.2d 250, 254 (N.M.1967); Cervantes v. Forbis, 389 P.2d 210, 213 (N.M.1964); Schmidt v. St. Joseph's Hosp., 736 P.2d 135, 138 (N.M. Ct.App.1987). There is, however, a narrowly drawn exception to the general rule where negligence can be determined by resort to common knowledge ordinarily possessed by an average person. See Pharmaseal Labs. Inc. v. Goffe, 568 P.2d 589, 594 (N.M.1977) (regarding standard of care); Eis v. Chesnut, 627 P.2d 1244, 1246 (N.M. Ct.App.) (regarding causation), cert. denied, 628 P.2d 686 (1981). The district court found that the facts of Mr. Zuls claim did not fall within this narrow exception. Rather, it concluded that "[q]uestions concerning the accuracy of a medical diagnosis and the appropriateness of treatment with prescription drugs are not within the realm of a layman's common sense." R. Vol. I, Doc. 30 at 9.
 
 
 10
 The New Mexico Supreme Court has specifically referred to the "administration of medicine" as a "field of knowledge in which only an expert could give a competent opinion." Woods v. Brumlop, 377 P.2d 520, 522 (N.M.1962) (citing Hawkins v. McCain, 79 S.E.2d 493 (N.C.1954)). This, combined with our independent review of the facts and record in this case, leads us to agree with the district court's ruling that "the accuracy of the VA's medical diagnosis and the appropriateness of treatment with prescription drugs were issues beyond the ken of laymen and therefore the specialized knowledge of a medical expert was necessary to prove Zuls' claims against the VA." R. Vol. I, Doc. 30 at 9.
 
 
 11
 Therefore, absent production of expert testimony explaining wherein the conduct of the VA fell below the standards of performance of medical practice recognized in the community, there could be no issue of fact for a jury to pass upon. The same is true concerning the causal connection between the treatment given and Mr. Zuls' claimed disability. See, e.g., Cervantes, 389 P.2d at 213 (where patient, suing physicians for alleged negligent treatment of broken leg, had no expert testimony to offer in order to establish failure to meet standard of care or proximate cause, patient had not shown presence of a genuine issue of material fact as to either, and physicians were entitled to summary judgment); see also Blauwkamp, 836 P.2d at 1253 (defendant makes a prima facie showing of entitlement to summary judgment by showing plaintiff lacks an expert to substantiate his allegations of medical malpractice). Thus, the district court properly granted summary judgment in favor of the VA. See Celotex, 477 U.S. at 322.
 
 
 12
 Mr. Zuls' motion to supplement the record on appeal is GRANTED. The decision of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470