# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICHARD SWOPES,**

   **Plaintiff-Appellant,**

**vs.**                 **No. 29,319**

**GLOBAL EXPERTISE IN OUTSOURCING, WEXFORD HEALTH SOURCES, INC., and the STATE OF NEW MEXICO, et al.,**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Richard Swopes
Grants, NM

Pro Se Appellant

Miller Stratvert P.A.
James R. Wood
Albuquerque, NM

for Appellee Wexford Health Sources, Inc.

Yenson, Lynn, Allen & Wosick, P.C.
Matthew L. Connelly
Albuquerque, NM

for Appellee Global Expertise in Outsourcing

Atwood, Malone, Tuner & Sabin, P.A.
Bryan D. Evans
Roswell, NM

for Appellee State of New Mexico

**MEMORANDUM OPINION**

**VIGIL, Jud+**

**ge.**

Plaintiff appeals from the district court's order granting summary judgment and denying Plaintiff's motion for reconsideration. We issued a calendar notice proposing to summarily affirm the district court. Plaintiff filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

The district court granted summary judgment in favor of all Defendants on December 3, 2007. [RP 301-02] The court found that Plaintiff failed to exhaust his administrative remedies and that Defendant Governor Bill Richardson was otherwise immune from suit. [Id. 301] On December 10, 2007, Plaintiff filed a motion for reconsideration, arguing that the district court's ruling "was not based on all the facts, due in part by an oversight on the plaintiff's part." [Id. 310-11] Plaintiff sought to attach various exhibits to support his motion, as well as a witness list and proposed

2

findings and conclusions. [Id. 303-04, 308-09, 312-14, 315-17] Plaintiff's motion to allow exhibits acknowledges that the district court granted summary judgment due to a procedural error on Plaintiff's part. [Id. 308] Plaintiff's motion sought to correct that error by submitting documents to show the basis for his complaint. [Id.]

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). Summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists. *Cates v. Regents of N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65. A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

Here, Defendants filed motions for summary judgment based on the argument that Plaintiff had previously filed a lawsuit alleging that Defendants failed to provide him with adequate and timely dental care during his incarceration at the Lea County correctional facility. [Id. 209-16, 257-66, 268-73] Defendants argued that the district court ruled in the previous case that Plaintiff failed to exhaust his administrative remedies available through the prison grievance process, that the time for doing so had passed, and that his claims should be dismissed pursuant to NMSA 1978, § 33-2-11 (1990). Section 33-2-11(B) provides:

> No court of this state shall acquire subject-matter jurisdiction over any complaint, petition, grievance or civil action filed by any inmate of the corrections department with regard to any cause of action pursuant to state law that is substantially related to the inmate's incarceration by the corrections department until the inmate exhausts the corrections department's internal grievance procedure.

Defendants argued that Plaintiff's failure to follow the grievance process required dismissal of his claims in this action as well. [Id.] Defendant Richardson also argued that Plaintiff's claims against him were barred by immunity. [Id. 258, 262-66]

Plaintiff failed to file a timely response to Defendant Wexford's motion for summary judgment. [Id. 253] Based on Plaintiff's failure to respond, Defendant Wexford argued that its motion for summary judgment should be granted pursuant to Rule 1-007.1 NMRA as well as on the merits. [Id. 253-56] Plaintiff then filed a late

4

response, arguing that he was unaware that he needed to respond to the motion for summary judgment. [Id. 277-78] Plaintiff claimed that he did not respond because he had filed a motion for an extension of time while waiting for appointment of counsel, that he had requested a motions and discovery hearing, and that he had limited legal access at his place of incarceration. [Id.] Plaintiff then simply denied the allegations in the motion for summary judgment. [Id. 278] Plaintiff also filed a response to Defendant Global Expertise in Outsourcing's motion for summary judgment in which he simply denied all claims in the motion without presenting further argument or evidence. [Id. 297-99]

At a hearing at which Plaintiff appeared via telephone, the record indicates that the district court reviewed the pleadings and memoranda in support as well as Plaintiff's responses, heard argument from the parties, and found that Defendants' motions for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies and Defendant Richardson was immune from suit. [Id. 301] After the order was filed, Plaintiff filed a motion for reconsideration and sought to attach exhibits. [Id. 310-11, 308-09, 312-13] In his motion, Plaintiff admits he did not submit the material earlier due to his own oversight. [Id. 310]

Under these circumstances, we reject Plaintiff's contention that the district court erred in granting summary judgment and denying Plaintiff's motion for

reconsideration. Under Rule 1-007.1(D), parties are required to respond to a motion within fifteen days after service. However, "[b]efore entry of an order granting summary judgment, the district court must assess whether, on the merits, the moving party satisfied" the provisions of Rule 1-056(C) NMRA. *See Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 18, 134 N.M. 207, 213, 75 P.3d 423, 429. Although a traditional summary judgment analysis is still required, the district court must consider the lack of a timely response in its analysis. *Id.* Thus, while summary judgment is appropriate only if the moving party demonstrates that no genuine issue of facts exist, the nonmoving party who fails to file a timely response "waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Id.* (internal quotation marks and citation omitted). If the facts asserted in the summary judgment motion are supported and entitle the moving party to judgment as a matter of law, then the court should grant the motion. *Id.*

Here, Defendants' motions set forth facts supported by documentary evidence to demonstrate their contention that Plaintiff failed to exhaust his administrative remedies. Plaintiff failed to oppose Defendants' motions with timely or adequate responses. To the extent that Plaintiff made any argument in his responses to Defendants' motions, he merely denied the allegations, which is not the same as demonstrating that evidentiary facts exist that require a trial on the merits. *See Roth*,

113 N.M. at 334-35, 825 P.2d at 1244-45. The district court could properly conclude that Plaintiff had not controverted any material facts. Thus, it appears that the district court did not err in determining based on the material before it that Plaintiff's claims failed as a matter of law due to his failure to exhaust his administrative remedies.

To the extent that Plaintiff claimed that he was waiting for counsel to be appointed to help him with his case, [Id. 277] Plaintiff's contentions are without merit. Plaintiff cites to no authority for the proposition that he is entitled to appointed counsel in a civil matter. [MIO 3] In addition, Plaintiff's lack of counsel did not prevent him from filing his own motions for default judgment and summary judgment and otherwise litigating the case. Although the record indicates that Plaintiff filed a motion for a continuance pending appointment of counsel on June 25, 2007, there is no indication in the record that the district court granted the motion. [RP 147-48] Meanwhile, Plaintiff filed his motion for summary judgment [RP 195 (no motion for summary judgment appears in the record but Plaintiff acknowledges it was filed on July 16, 2007, after his request for a continuance)] and Defendants filed several responses. [Id. 190-93, 200-03, 204-05]

Turning to the motion for reconsideration, Plaintiff sought to correct his error in not responding appropriately to Defendants' motions by submitting documents, without any explanation or legal argument, that would show the basis for his

complaint. It appears that this material was available prior to the district court's ruling on the motion for summary judgment, but was not submitted due to Plaintiff's oversight. [Id. 310] Plaintiff's response concedes that the material was previously available. [MIO 2] As such, the district court could properly conclude that Plaintiff improperly sought to supplement the record with material that was previously available. *See Schmidt v. St. Joseph's Hosp.*, 105 N.M. 681, 683, 736 P.2d 135, 137 (Ct. App. 1987) (stating that, in a summary judgment hearing, the trial court may properly consider only those pleadings, depositions, answers to interrogatories, admissions, and affidavits that are before it).

We remain persuaded that it was within the district court's discretion to refuse to consider additional materials filed with the motion for reconsideration, which were not timely filed in response to the motions for summary judgment. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672. The material Plaintiff wanted to submit was previously available and Plaintiff acknowledged that the error in not submitting the material in a timely response was due to his own oversight. [RP 310; MIO 2] Thus, the district court was entitled to find that Plaintiff's failure to submit the material earlier did not constitute excusable neglect. *See id.* (holding that the district court did not abuse its discretion in refusing to consider untimely presented

materials filed with a motion for reconsideration after a grant of summary judgment when there was no evidence of excusable neglect).

Moreover, we are not persuaded that the material Plaintiff submitted supports his assertion that there was no basis in fact or law to support summary judgment. The documents Plaintiff wanted to submit are not part of the record on appeal and Plaintiff's various motions filed after the order granting summary judgment do not explain why the new material supported his claims. Defendant Wexford's response indicates that the grievances Plaintiff attached to his motion for reconsideration refer to subsequent events. [RP 325] Under these circumstances, we cannot conclude that the district court erred if it determined that the attachments did not create an issue of material fact and that Plaintiff's motion for reconsideration merely restated the arguments he had already made in opposing summary judgment. *Id.* ¶ 10. "Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *See Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988).

We note that Plaintiff included numerous attachments to his memorandum in opposition in an effort to demonstrate that his claims have merit; however, it is improper to attach documents which are not part of the record on appeal. *Jemko, Inc.*

*v. Liaghat,* 106 N.M. 50, 55, 738 P.2d 922, 927 (Ct. App. 1987). In addition, "[i]t is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales,* 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355. Accordingly, we will not consider these documents. *See Michaluk v. Burke*, 105 N.M. 670, 676-77, 735 P.2d 1176, 1182-83 (Ct. App. 1987) (stating that "[w]here the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence").

We recognize that Plaintiff is pro se and that it is difficult to litigate a civil complaint while incarcerated. However, Plaintiff's pro se status does not excuse him from complying with the rules of civil and appellate procedure or from making clear arguments to the courts. *See Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that we hold pro se litigants to the same standard as attorneys). Accordingly, we reject Plaintiff's assertion in the memorandum in opposition that he "believes" that a state official cannot hide behind immunity. [MIO 4] Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Plaintiff also fails to persuade us that the district court erred by not entering default judgment or ruling on his motion for summary judgment. [Id. 3] The record indicates that Plaintiff withdrew his motion for default judgment and that there were problems with service

on some defendants. [RP 195, 200, 204] As for Plaintiff's motion for summary judgment, a request for a hearing does not appear in the record. Assuming Plaintiff filed a request, the district court's determination that Defendants were entitled to summary judgment demonstrates that Plaintiff was not entitled to a ruling in his favor. Thus, we are not persuaded that the district court erred by not ruling on Plaintiff's motions.

**CONCLUSION**

For these reasons, we hold that the district court did not err in determining that summary judgment in favor of Defendants was proper and that Plaintiff's motion for

11

reconsideration should be denied.

   **IT IS SO ORDERED.**

                                        _____

                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**LINDA M. VANZI, Judge**