This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JENNY GONZALES,**

Plaintiff-Appellant,

v.                                                          **NO. 30,015**

**CARLOS CADENA, D.P.M., P.C. and JUAN GONZALES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Jenny Gonzales
Las Cruces, NM

for Appellant

Sandenaw Law Firm PC
Caralyn Banks
Las Cruces, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff appeals pro se from the district court's order granting summary judgment in favor of Defendants on Plaintiff's medical malpractice suit. We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's memorandum, we affirm.

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). The court must resolve all reasonable inferences in favor of the nonmovant and must view the pleadings, affidavits, depositions, answers to interrogatories and admissions in a light most favorable to a trial on the merits. *See Carrillo v. Rostro*, 114 N.M. 607, 615, 845 P.2d 130, 138 (1992). Although all reasonable inferences are resolved in favor of the nonmovant, once the movant makes a prima facie showing that he is entitled to summary judgment, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45 (citation omitted). The party opposing summary judgment "cannot rely on the allegations contained in its complaint or upon the argument or contention of counsel to defeat it. Rather, the opponent must come forward and establish with admissible evidence that a genuine issue of fact exists."

*Ciup v. Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (citation omitted).

As discussed in our notice of proposed summary disposition, to prevail on her medical malpractice claim, Plaintiff was required to establish that "(1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries." *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct. App. 1992). Generally, an expert is required to establish both a deviation from the standard of care and causation, and a defendant can make a prima facie case for summary judgment by demonstrating that the plaintiff cannot establish the elements of malpractice without such an expert. *See id.* at 232, 836 P.2d at 1253.

Plaintiff's claim against Defendants is based on Defendants' allegedly negligent act of spilling chemicals on Plaintiff's foot while removing an ingrown toenail. [RP 16, 40] Plaintiff contends that Defendants' actions caused a chemical burn resulting in damages. [RP 16]

Defendants moved for summary judgment, attaching an affidavit from Dr. Cadena stating that neither he nor his assistant breached the standard of care in treating Plaintiff. [RP 40, 50-57] It appears that they attached portions of Plaintiff's

medical records showing that the burn occurred on July 3, 2007, but was treated and resolved by August 15, 2007. [RP 40-48] The medical records indicate that the chemical was necessary in order to kill the root of the ingrown nail, and that Plaintiff suffered a chemical burn because her feet are numb due to diabetes and she was unable to feel the chemical on her foot. [RP 40] The records also suggest that the risks of the procedure were explained to Plaintiff and she consented. [RP 42]

The district court informed Plaintiff that she needed to show with expert testimony that there was a genuine issue of material fact that Defendants breached the standard of care and that this breach caused Plaintiff's injuries. [RP 95] Plaintiff's response to Defendants' motion for summary judgment outlined the pain and suffering she allegedly experienced due to Defendants' actions. [RP 112] She attached progress notes from another physician dated February 2008, but those notes indicate that the burn had healed well and that any remaining limitations could resolve with exercise. [RP 114] Plaintiff attached some additional medical records, but she failed to include any affidavits or other materials supporting her contention that Defendants breached the applicable standard of care in treating her ingrown toenail. [RP 115-124]

Based upon the materials in the record, we proposed to affirm the district court's order granting summary judgment to Defendants due to Plaintiff's failure to rebut their prima facie case. [RP 125] We opined that the average jury would know

4

little to nothing about any risks inherent in performing an ingrown toe nail extraction on someone with diabetes or the standard of care for a podiatrist performing such an extraction. Therefore, expert testimony was required. *See Lopez v. Southwest Cmty. Health Servs.*, 114 N.M. 2, 7, 833 P.2d 1183, 1188 (Ct. App. 1992) (holding that "[i]n a medical malpractice case, because of the technical and specialized subject matter, expert medical testimony is usually required to establish departure from recognized standards in the community"); *Schmidt v. St. Joseph's Hosp.*, 105 N.M. 681, 684, 736 P.2d 135, 138 (Ct. App. 1987) ("In a malpractice action, expert testimony is generally required to support a claim of negligence.").

In her memorandum in opposition, Plaintiff contends that she suffered due to the burn on her foot. [MIO 2] We also understand her to contend that Dr. Cadena's affidavit and the medical records are sufficient to establish a material issue as to whether Defendants violated the appropriate standard of care in treating her. [MIO 2] We disagree. As previously discussed, Dr. Cadena's affidavit establishes a prima facie case the Defendants did not violate the appropriate standard of care in treating Plaintiff. Plaintiff failed to submit any affidavits or other materials to rebut Defendants' prima facie case and, specifically, she failed to introduce any expert testimony establishing that Defendants violated the standard of care. *See Patterson v. Van Wiel*, 91 N.M. 100, 106, 570 P.2d 931, 937 (Ct. App. 1977) (observing that

5

expert testimony is needed to guide a jury if "[m]embers of an average jury would know little or nothing about th[e] activity"). Because Plaintiff failed to demonstrate that an expert could testify favorably on the question of the relevant standard of care and whether any failure to meet that standard of care caused her any compensable harm, she failed to rebut Defendants' prima facie showing and therefore, Defendants were entitled to summary judgment.

**Conclusion**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the district court's order granting summary judgment to Defendants' on Plaintiff's medical malpractice claim.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**