532 P.2d 203

Bunny McCORMICK, a widow, Individually and as Administratrix of the Estate of Jack McCormick, Deceased, and Shell Ann McCormick, an infant, by her mother and next friend, Bunny McCormick, Plaintiff-Appellant,

v.

UNITED NUCLEAR CORPORATION, Defendant-Appellee,

v.

MOKI OIL & RARE METALS COMPANY, also known as Moki Oil Company, and Employers Insurance of Wausau, Defendants.

No. 1474.

Court of Appeals of New Mexico.

Dec. 31, 1974.

Rehearing Denied Jan. 22, 1975.

Sylvain Segal, Jr., Wollen, Segal & Scott, Albuquerque, for plaintiff-appellant.

Thomas J. McBride, J. S. Paulantis, Johnson, Paulantis & Lanphere, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff appeals from a judgment entered by the trial court that the complaint fails to state a claim against defendant

United Nuclear Corporation because under § 59–11–11, N.M.S.A.1953 (Repl. Vol. 9, pt. 1) a part of the Occupational Disease Disablement Law, United Nuclear was not the last employer of decedent.

Section 59–11–11 reads in part as follows:

> Where compensation is payable for an occupational disease the only employer liable shall be the employer in whose employment the employee was last injuriously exposed to the hazards of employment resulting in such disease
>
> . . . .

The complaint alleged that the decedent, Jack McCormick, was a uranium miner; that he had been employed for at least three years by defendant United Nuclear at or near Grants, New Mexico; that defendant Moki Oil took possession of the United Nuclear mine and replaced United Nuclear as decedent's employer and decedent worked in the same uranium mine for Moki Oil; that decedent contracted lung cancer during the course of his employment in the mine operated by defendant United Nuclear and subsequently by defendant Moki Oil and that the lung cancer was the proximate and direct result of decedent's death on May 8, 1969; that the lung cancer was contracted by decedent by virtue of the work performed for the defendants, and was traceable to the fissionable or radioactive materials contained in the mine in which the employee performed his services on behalf of defendants.

We accept as true all facts pleaded in the complaint.

Plaintiff settled with Moki Oil.

A motion to dismiss is properly granted only when it appears that plaintiff cannot recover under any state of facts provable under the claim. C & H Construction and Pav., Inc. v. Foundation Reserve Ins. Co., 85 N.M. 374, 512 P.2d 947 (1973). To reverse the judgment below dismissing the complaint against defendant United Nuclear, this court must find that plaintiff may be able to prove at trial that decedent was "last injuriously exposed to the hazards"

which led to his death, while in the employ of United Nuclear.

 United Nuclear contends that the statute imputes liability to the "last employer" in time. We disagree. The statute imputes liability to the employer under whom decedent "was last injuriously exposed". On the "last injurious exposure" rule, see Mathis v. State Accident Insurance Fund, 10 Or.App. 139, 499 P.2d 1331 (1972).

Plaintiff must prove that decedent was *last injuriously exposed* to the hazards of employment resulting in cancer while he was employed by United Nuclear. This is a state of facts provable under the claim.

Reversed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.