881 P.2d 745

**Celia DIAZ and Ramon Diaz, Sr., Individually and as Guardians and Next Friends of Ramon Diaz, Jr., Plaintiffs–Appellants,**

**v.**

**Paul A. FEIL, M.D., Deming Medical Clinic, Inc., and Mimbres Memorial Hospital and Nursing Home, Defendants–Appellees.**

No. 14497.

Court of Appeals of New Mexico.

Aug. 10, 1994.

Michael D. Volk, Volk & Montes, P.C., El Paso, TX and William G. Gilstrap, William G. Gilstrap, P.C., Albuquerque, for plaintiffs-appellants.

B. James Reeves and William R. Anderson, Reeves, Chavez, Greenfield, Acosta & Walker, P.A., Las Cruces, for defendant-appellee Mimbres Memorial Hosp. and Nursing Home.

## OPINION

ALARID, Judge.

The issues raised by this appeal concern the district court's granting of a summary judgment motion filed by Mimbres Memorial Hospital and Nursing Home (Defendant). Plaintiffs, Celia Diaz and Ramon Diaz, Sr., both individually and as guardians and next friends of Ramon Diaz, Jr., brought suit claiming personal injury based on medical malpractice pertaining to the birth of their son. Plaintiffs do not appeal the district court's determination that they individually had not provided notice for their claims as required by the Tort Claims Act. Therefore, our review is limited to the claims of Plaintiff Ramon Diaz, Jr. (Plaintiff) brought by his parents as guardians and next friends. In addition, we hereby grant Defendant's motion to strike an exhibit attached to Plaintiff's reply brief; the exhibit should have been submitted to the trial court at the time of summary judgment. *See Porter v. Robert Porter & Sons, Inc.*, 68 N.M. 97, 101, 359 P.2d 134, 136–37 (1961).

## BACKGROUND

On July 9, 1982, Celia and Ramon Diaz, Sr. contracted with Dr. Paul A. Feil ("treating physician") for prenatal care, labor, and delivery of their unborn child. On December 27, 1982, at approximately 8:30 a.m., Celia Diaz was admitted to Mimbres Hospital in active labor. During deposition, the treating physician disclosed that after receiving three phone calls from members of the nursing staff at the hospital, he traveled from his office to the hospital at approximately 12:15 p.m. The treating physician thereafter took Mrs. Diaz into the delivery room and delivered the baby. On November 26, 1991, the underlying complaint giving rise to this cause of action was filed in district court. One claim alleged that because of Defendant's negligence prior to the delivery of the child, Plaintiff was born with Erbs Palsy of the left arm. After lengthy discovery, Defendant filed a motion for summary judgment and attached to the motion an affidavit from the hospital's administrator disclaiming any knowledge of complaints or malpractice claims filed against the treating physician.

The district court granted summary judgment stating that "[t]here is no genuine issue of material fact with respect to whether any act or omission on the part of Mimbres Memorial Hospital was the proximate cause of Plaintiff, Ramon Diaz, Jr.'s injurie[s.]" On appeal, the issues raised are (1) whether the district court properly granted summary judgment as to the negligence claim against Defendant pertaining to the care of Celia Diaz prior to the delivery of the child; and (2) whether the district court properly granted summary judgment as to the negligence claim against Defendant for granting staff privileges to the treating physician. For the reasons explained below, we reverse the district court's granting of summary judgment in favor of Defendant as to the first issue, and we affirm the district court's granting of summary judgment in favor of Defendant as to the second issue.

## DISCUSSION

### Defendant Hospital's Direct Negligence

In response to Plaintiff's complaint, Defendant's motion for summary judgment claimed in pertinent part that "[a]ny act or omission on [the] part of Mimbres Memorial Hospital was not the proximate cause of Plaintiff's injuries." On appeal, as in the district court below, Plaintiff argues that "[t]here is no evidence from which the hospital could possibly have established a prima facie showing that the hospital's acts and omissions were not the proximate cause of injury." As to

this issue, we agree with Plaintiff and explain.

■ To prove medical malpractice, a plaintiff must show that (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *See* SCRA 1986, 13–1101 (Repl.1991); *Blauwkamp v. University of New Mexico Hospital,* 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct.App.), *cert. denied,* 114 N.M. 82, 835 P.2d 80 (1992); *see also Cervantes v. Forbis,* 73 N.M. 445, 448, 389 P.2d 210, 213 (1964); *Schmidt v. St. Joseph's Hospital,* 105 N.M. 681, 683, 736 P.2d 135, 137 (Ct.App.1987); *Smith v. Klebanoff,* 84 N.M. 50, 53, 499 P.2d 368, 371 (Ct. App.), *cert. denied,* 84 N.M. 37, 499 P.2d 355 (1972). "A defendant seeking summary judgment in a medical malpractice action bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded." *Blauwkamp,* 114 N.M. at 231, 836 P.2d at 1252.

■ In the present case, Defendant's declaration in its motion for summary judgment, that its alleged acts or omissions were not the proximate cause of Plaintiff Ramon Diaz, Jr.'s injuries, was insufficient to establish a prima facie showing of entitlement to summary judgment. The affidavit of Roy Rumbaugh, the hospital administrator, tendered in support of Defendant's motion for summary judgment did not contain any reference or statement specifically disclaiming negligence or providing a factual basis negating the existence of proximate cause on the part of the hospital staff in the care of Celia Diaz from the time of her admission until her child was delivered. Thus, the award of summary judgment in favor of Defendant was improper. Under SCRA 1986, 1–056(C) (Repl.1992), a party may move for summary judgment and is entitled to such disposition "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To be clear,

however, contrary to Plaintiff's argument, "SCRA 1986, 1–056(C) does not require a moving party to support its motion with affidavits of medical experts or other sworn testimony affirmatively disproving [a plaintiff's] claims." *Blauwkamp,* 114 N.M. at 232, 836 P.2d at 1253. Nonetheless, a bare denial of proximate causation is an insufficient basis upon which to grant summary judgment and we therefore reverse the district court as to this issue.

While this issue is disposed of on that basis, both parties suggest that the claim of whether Defendant's negligence proximately contributed to cause the birth defects suffered by Plaintiff is an issue controlled by the allegations contained in the complaint. This is so because none of the information contained in Roy Rumbaugh's affidavit pertains to this issue and therefore both parties propose that the disposition of this claim should be pursuant to SCRA 1986, 1–012(B)(6) (Repl.1992). In order to demonstrate why this analysis does not produce a different result, we proceed.

■ A motion to dismiss under SCRA 1–012(B)(6) accepts as true all well pleaded allegations of the complaint and questions only legal sufficiency of the claims. *See Three Rivers Land Co. v. Maddoux,* 98 N.M. 690, 692, 652 P.2d 240, 242 (1982), *overruled on other grounds by Universal Life Church v. Coxon,* 105 N.M. 57, 728 P.2d 467 (1986), *cert. denied,* 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987). A motion to dismiss under this rule should be granted only when it appears that a plaintiff cannot recover under any set of facts provable under the claim. *McCormick v. United Nuclear Corp.,* 87 N.M. 274, 275, 532 P.2d 203, 204 (Ct.App. 1974); *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 791, 635 P.2d 992, 994 (Ct.App. 1981). In the present case, after accepting the allegations in Plaintiff's complaint as true, we conclude that Plaintiff has alleged a cause of action against Defendant.

■ In Plaintiff's complaint, one paragraph alleges a failure to recognize and treat Celia Diaz as a high-risk patient. This could refer to not only the care and treatment by the physician before admission to the hospi-

tal, but also to the measuring, monitoring, and assessment by Defendant's staff from the time of admission until delivery. The same reasoning applies to several subparagraphs in the complaint including one subparagraph alleging failure to timely consult with other physicians. If Celia Diaz was evidencing signs of a high-risk delivery, and the treating physician delayed in arriving at the hospital after three telephone calls, then a fact finder might consider Defendant negligent in not seeking the assistance of another physician. *See generally* Jay M. Zitter, Annotation, *Liability of Physician, Nurse, or Hospital for Failure to Contact Physician or to Keep Physician Sufficiently Informed Concerning Status of Mother During Pregnancy, Labor and Childbirth,* 3 A.L.R.5th 123 (1992); Jay M. Zitter, Annotation, *Liability of Hospital, Physician, or Other Medical Personnel for Death or Injury to Mother or Child Caused by Inadequate Attendance or Monitoring of Patient During and After Pregnancy, Labor, and Delivery,* 3 A.L.R. 5th 146 (1992).

As to proximate causation, a similar issue was raised in *Lopez v. Southwest Community Health Services,* 114 N.M. 2, 5–7, 833 P.2d 1183, 1186–88 (Ct.App.), *cert. denied,* 113 N.M. 690, 831 P.2d 989 (1992). Although the facts are somewhat different, the principles announced in that decision make clear that a hospital has a duty with respect to a patient, independent of a physician, particularly prior to the arrival of the physician. *See id.* In the present case, the patient was admitted at 8:30 a.m., and the treating physician did not arrive at the hospital until 12:15 p.m., almost four hours later. During that period of time, Defendant assumed the care of the patient, and was required to exercise appropriate care consistent with that duty. We believe the allegations in Plaintiffs' complaint sufficiently allege facts that, if proven, would establish negligence and proximate cause.

### Negligence as to Staff Privileges

Plaintiff argues that the district court improperly granted summary judgment as to whether Defendant negligently permitted the treating physician staff privileges at the hospital. Specifically, Plaintiff contests the form and substance of Mr. Rumbaugh's affidavit. Plaintiff argues that the affidavit is an insufficient basis upon which to grant summary judgment because of its "conclusory form which did not meet the evidentiary requirements required of an expert." We disagree.

Mr. Rumbaugh's affidavit, submitted as administrator of the hospital, reveals that the treating physician was not an employee of the hospital and that Defendant had no notice of complaints or malpractice actions filed against him. In addition, the affidavit reveals that Defendant was unaware of any facts to indicate that the treating physician was incompetent to practice medicine. We conclude this information sufficient to establish a prima facie case for summary judgment on the claim of whether Defendant was negligent in granting the treating physician hospital privileges. *See Goodman v. Brock,* 83 N.M. 789, 792, 498 P.2d 676, 679 (1972). "Once the moving party makes a prima facie showing, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue." *Schmidt,* 105 N.M. at 683, 736 P.2d at 137. Because Plaintiff failed to rebut Defendant's showing, summary judgment on this claim was appropriate.

As both parties agree, it is beyond question in New Mexico that a hospital owes an independent duty of care to patients at the hospital. *See Reynolds v. Swigert,* 102 N.M. 504, 509, 697 P.2d 504, 509 (Ct.App. 1984) *cert. quashed* (N.M. April 1, 1985); *Westbrook v. Lea Gen. Hospital,* 85 N.M. 191, 194, 510 P.2d 515, 518 (Ct.App.), *cert. denied,* 85 N.M. 228, 511 P.2d 554 (1973). Moreover, the doctrine of corporate negligence, imposing liability on a hospital for the negligent granting of staff privileges or the negligent supervision of treatment, was acknowledged in New Mexico in *Cooper v. Curry,* 92 N.M. 417, 420, 589 P.2d 201, 204 (Ct.App.), *cert. quashed,* 92 N.M. 353, 588 P.2d 554 (1978); *see also Johnson v. Sears, Roebuck & Co.,* 113 N.M. 736, 739, 832 P.2d 797, 800 (Ct.App.), *cert. denied,* 113 N.M. 744, 832 P.2d 1223 (1992). However, no New Mexico case has addressed the issue of under what circumstances an injured party may

invoke liability against a hospital for granting staff privileges or credentials to a physician.

■ In order to make a prima facie showing that a hospital negligently granted hospital staff privileges to a physician, or negligently retained a staff member, a plaintiff must establish that the hospital negligently failed to screen the competency of the individual, or that it negligently retained a staff member after it knew or should have known of matters involving the general competency of such individual. *See Elam v. College Park Hospital,* 132 Cal.App.3d 332, 183 Cal.Rptr. 156, 165 (Ct.App.1982) ("[A] hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility."); *Pedroza v. Bryant,* 101 Wash.2d 226, 677 P.2d 166, 171–72 (1984) (en banc) (pertinent inquiry into the doctrine of corporate negligence "focuses on the procedures for the granting and renewal of staff privileges...."); *see also Purcell v. Zimbelman,* 18 Ariz.App. 75, 500 P.2d 335, 344 (Ct.1972) (evidence of prior medical malpractice litigation against surgeon admissible against hospital on question of notice as to type of operation or ailment treated, and as to general competency of surgeon to continue as member of hospital staff).

These cases indicate that Defendant would have to have had prior notice as to the treating physician's lack of competency before it could be held liable in either granting or continuing hospital staff privileges. In the present case, Defendant has no such knowledge, and Plaintiff has not shown such to exist. Therefore, summary judgment as to this issue was proper.

CONCLUSION

For the reasons discussed above, we reverse the district court's granting of summary judgment in favor of Defendant Mimbres Memorial Hospital and Nursing Home as to the negligence claim against Defendant pertaining to the care of Celia Diaz prior to the delivery of the child, and we affirm the district court's granting of summary judgment as to the negligence claim against Defendant for granting staff privileges to the treating physician involved in this action. Although requested, oral argument is deemed unnecessary. Plaintiff shall recover his costs on appeal.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.