This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36340**

**FELICITAS SALAS; NICHOLAS T. LEGER, as Personal Representative of the ESTATE OF DANIEL G. SALAS, Deceased; JAVIER SALAS; VENTURA SALAS; JAMES SALAS; GINA SALAS-SIMMS; DANIEL SALAZ, III; and JORGE JAVIER SALAZ,**

  Plaintiffs-Appellants,

v.

**CLARK EQUIPMENT COMPANY; FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT-PRODUCTS MANUFACTURING COMPANY; FOXWORTH-GALBRAITH LUMBER COMPANY (FGLC); and GOODRICH CORPORATION,**

  Defendants-Appellees,

and

**AGCO CORPORATION; BORDER MACHINERY COMPANY; CATERPILLAR GLOBAL MINING, LLC; CATERPILLAR, INC. CUMMINS GAS ENGINES, INC.; DANA COMPANIES, LLC; FREEPORT MCMORAN INC.; FREEPORT-MCMORAN COPPER AND GOLD ENERGY SERVICES, LLC; FREEPORT-MCMORAN CHINO INC.; GENUINE PARTS COMPANY; HITACHI CONSTRUCTION TRUCK MANUFACTURING, LTD.; KELSEY-HAYES COMPANY; KENDAVIS HOLDING COMPANY; KENNECOTT COPPER**

CORPORATION; KENNECOTT MINING
CORPORATION; KENNECOTT UTAH COPPER
LLC; KOMATSU AMERICA CORP.; KOMATSU
DRESSER COMPANY (KDC); KOMATSU, LTD.;
LAWLEY'S TEAM FORD OF SILVER CITY;
LIVELY EQUIPMENT COMPANY; NATIONAL
AUTOMOTIVE PARTS ASSOCIATION; NAVISTAR,
INC.; PACCAR, INC.; SETCO AUTOMOTIVE LLC;
SILVER CITY FORD LINCOLN-MERCURY, INC.;
TEREX CORPORATION; THE GOODYEAR TIRE
AND RUBBER COMPANY; TRANE, USA, INC.;
UNIT RIG AND EQUIPMENT CO.; WESTINGHOUSE
AIR BRAKE COMPANY; and YUCCA FORD, INC.,

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Keller, Fishback & Jackson, LLP
Stephen Fishback
Agoura Hills, CA

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellants

Eaton Law Office, P.C.
P. Scott Eaton
Marianne Bowers
Albuquerque, NM

for Appellee Foxworth Galbraith Lumber Company

Butt Thornton & Baehr PC
Phillip W. Cheves
Albuquerque, NM

for Appellee Federal-Mogul Asbestos Personal Injury Trust

Hawkins Parnell Thackston & Young LLP
Jason J. Irvin
Dallas, TX

for Appellee Clark Equipment Company

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Michelle A. Hernandez
Spencer L. Edelman
Elizabeth A. Martinez
Nathan T. Nieman
Albuquerque, NM

for Appellee Goodrich Corporation

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Plaintiffs appeal from the district court's grant of summary judgment for Defendants Goodrich Corporation (Goodrich), Clark Equipment Company (Clark), Federal-Mogul Personal Injury Trust (Federal-Mogul), and Foxworth Galbraith Lumber Company (FGLC) (collectively, Defendants). Plaintiffs further appeal the district court's denial of their motion to reconsider its summary judgment ruling. We affirm the grant of summary judgment and denial of the motion to reconsider as to Goodrich, Clark, and Federal-Mogul. However, we reverse a portion of the district court's order granting summary judgment for FGLC and remand this case to the district court for further findings of fact and conclusions of law regarding causation evidence as to that Defendant.

**BACKGROUND**

**{2}** Throughout his life, Daniel Salas (Decedent) worked several jobs in California and New Mexico. Much of this time was spent in southern New Mexico, where Decedent worked in home construction and as a miner and mechanic. In the course of his work, Decedent used products that contained respirable asbestos. In 2013, Decedent was diagnosed with lung cancer associated with respirable asbestos. He died later that year.

**{3}** Litigation concerning Decedent's death began in California in 2013. In New Mexico, Plaintiffs, who include the personal representative of Decedent's estate and Decedent's widow, children, and grandchildren, filed suit in 2014 against numerous defendants, each alleged to have contributed to the wrongful death of Decedent by exposing him to respirable asbestos. During the course of the litigation, Plaintiffs settled most of their claims, leaving only Defendants remaining.[1]

**{4}** The district court entered a scheduling order with a deadline of December 1, 2015, for Plaintiffs to designate trial experts. The scheduling order set a discovery deadline of April 1, 2016. Plaintiffs did not move to extend the discovery deadline. That month, all four Defendants filed motions for summary judgment. Following briefing and a

---

1At the time this appeal was filed, one additional defendant remained. That defendant has since been dismissed from this litigation.

hearing on the motions, the district court entered orders granting summary judgment for each of Defendants.

**{5}** On January 3, 2017, Plaintiffs filed a motion to reconsider the district court's summary judgment rulings. In their motion, Plaintiffs included a substantial amount of additional evidence which they argued demonstrated the existence of genuine issues of material fact as to each Defendant. After briefing and a hearing, the district court denied Plaintiffs' motion for reconsideration. Plaintiffs now appeal the grant of summary judgment for each of Defendants and the denial of their motion to reconsider. We reserve further discussion of the pertinent facts for our analysis.

## DISCUSSION

### I. Defendants' Motions for Summary Judgment

**{6}** While the facts surrounding Defendants' motions for summary judgment and Plaintiffs' respective responses vary, the central issues are the same: (1) whether Defendants made prima facie showings that no material facts existed, such that the burden to demonstrate the existence of material facts shifted to Plaintiffs; and (2) if so, whether Plaintiffs carried their burden in responding to Defendants' motions. We hold that Goodrich, Clark, and Federal-Mogul each made prima facie showings of entitlement to summary judgment, and as to these Defendants, Plaintiffs did not carry their burden as prescribed by Rule 1-056 NMRA. Therefore, summary judgment was appropriately granted for these Defendants. However, as explained more fully below, we conclude that although FGLC made an initial prima facie showing of entitlement to summary judgment, the district court's finding that Plaintiffs submitted sham affidavits in attempting to meet their ensuing burden was erroneous. We therefore reverse this aspect of the district court's ruling and remand this case to the district court with instructions that it enter specific findings of fact and conclusions of law as to whether Plaintiffs produced evidence, including as set forth within the affidavits Plaintiffs presented, that FGLC products were a general and specific cause of Decedent's harm.

### A. Standard of Review

**{7}** We review the grant of summary judgment de novo. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 1-056(C). The moving party bears the "initial burden of establishing a prima facie case for summary judgment." *Romero*, 2010-NMSC-035, ¶ 10. However, "the burden on the movant does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists." *Fid. Nat'l Bank v. Tommy L. Goff, Inc.*, 1978-NMSC-074, ¶ 7, 92 N.M. 106, 583 P.2d 470 (internal quotation marks and citation omitted).

**{8}** Thereafter, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero*, 2010-NMSC-

035, ¶ 10 (internal quotation marks and citation omitted). The non-movant "may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint. Instead, the party opposing summary judgment must adduce evidence to justify a trial on the issues." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks, and citations omitted). If the non-movant "does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 1-056(E).

## B. Summary Judgment Was Properly Granted for Goodrich, Clark, and Federal-Mogul

**{9}** Goodrich filed its motion for summary judgment on April 15, 2016, arguing that there was no evidence that Decedent was exposed to asbestos from a Goodrich product, and that nothing produced by Plaintiffs could establish that a Goodrich product was a cause of Decedent's injury. In support of its motion, Goodrich attached Plaintiffs' untimely designation of expert witnesses, and a report from one of Plaintiffs' experts from an unrelated case to illustrate the expert's inability to offer an opinion on the specific causation element necessary for Plaintiffs' claims, i.e., that a Goodrich product was "reasonably connected as a significant link" to Decedent's harm. UJI 13-1424 NMRA.

**{10}** In response, Plaintiffs provided no evidence to dispute Goodrich's claims. Instead, Plaintiffs simply asserted that Goodrich had not made a prima facie showing for summary judgment, and thus the burden did not shift to them to present any material facts. Goodrich's reply included additional exhibits, including general discovery responses from the California litigation that listed every asbestos containing product to which Decedent was allegedly exposed. Goodrich noted that none of its products were mentioned. The district court granted Goodrich's motion, as it determined that "no evidence [was] produced that . . . Decedent . . . was exposed to any Goodrich product" and that "[t]here [was] no evidence regarding specific causation linking a Goodrich product to [Decedent's] injuries." *See Horne*, 2013-NMSC-004, ¶¶ 14-15 (stating that summary judgment is proper when the movant, unrebutted by the non-movant, "make[s] a prima facie showing and come[s] forward with such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question" (internal quotation marks and citation omitted)).

**{11}** Clark filed its motion for summary judgment on April 15, 2016, arguing that Plaintiffs provided only unverified interrogatory responses during the course of discovery that contained mere allegations, and that nothing produced connected Decedent's asbestos exposure to a Clark product. Clark attached the relevant interrogatory responses to support its motion. Clark further noted that Plaintiffs did not make fact witnesses available for deposition by the discovery deadline, and that it actively sought deposition dates from Plaintiffs. Finally, Clark alerted the district court to its attempts to acquire additional discovery through a motion to compel. Plaintiffs responded, without citing legal authority, that because Clark did not include admissible expert testimony with its motion, the burden did not shift to Plaintiffs to produce

evidence demonstrating disputed facts. The district court granted Clark's motion, as it determined that "[t]here was no evidence produced that . . . Decedent was exposed to any Clark equipment or product" and that "[t]here [was] no evidence regarding specific causation linking Clark equipment or machinery to [Decedent's] injuries." *See id.* (stating the summary judgment standard).

**{12}** Federal-Mogul filed its motion for summary judgment on April 15, 2016, arguing that Plaintiffs did not identify any Federal-Mogul products alleged to have exposed Decedent to asbestos, and did not identify how or when Decedent was allegedly exposed. In support of its motion, Federal-Mogul provided a portion of Plaintiffs' unverified interrogatory responses. Plaintiffs responded by arguing that the facts of the case were insufficiently developed, but did not include a Rule 1-056(F) affidavit seeking additional time to develop the factual record. In support of their response, Plaintiffs attached a portion of their complaint. Finally, Plaintiffs also attached a section of their unverified interrogatory responses while simultaneously arguing that such responses, when used by Federal-Mogul in support of its motion, should be stricken from the record. The district court granted Federal-Mogul's motion, as it determined that "[t]here was no evidence produced that . . . Decedent . . . was exposed to any [Federal-Mogul] product" and "[t]here [was] no evidence regarding specific causation linking a [Federal-Mogul] product to [Decedent's] injuries." *See Horne*, 2013-NMSC-004, (stating the summary judgment standard).

**{13}** On appeal, Plaintiffs maintain that summary judgment against these three Defendants was improperly granted because: (1) Defendants could not meet their burden to make prima facie showings of entitlement to summary judgment with the type of evidence produced in support of their motions; and (2) the factual record was insufficiently developed for the district court to rule on summary judgment. Plaintiffs also contend that these three Defendants improperly relied on a general discovery objection that Plaintiffs mistakenly included in their interrogatory answers. However, based on the record before us, it does not appear that the district court's summary judgment rulings with respect to Goodrich, Clark, and Federal-Mogul were based on this general discovery objection. Accordingly, we do not analyze this argument here.

**{14}** As to Plaintiffs' first argument, Plaintiffs misapprehend what was required of Defendants, as movants, to meet their initial burden in seeking summary judgment. The party moving for summary judgment can meet its burden "without affidavits if, through discovery, it appears the party opposing the judgment cannot factually establish an essential element of his or her case." *Paragon Found., Inc. v. N.M. Livestock Bd.*, 2006-NMCA-004, ¶ 11, 138 N.M. 761, 126 P.3d 577; *see Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶¶ 16-17, 114 N.M. 228, 836 P.2d 1249. And, "[Rule 1-056] does not require a moving party to support its motion with affidavits of medical experts or other sworn testimony affirmatively disproving a plaintiff's claims." *Diaz v. Feil*, 1994-NMCA-108, ¶ 6, 118 N.M. 385, 881 P.2d 745 (alteration, internal quotation marks, and citation omitted).

**{15}** Goodrich, Clark, and Federal-Mogul each submitted documents in support of their respective summary judgment motions. Plaintiffs' argument that affidavits and expert testimony were required for Defendants to make a prima facie showing is a misstatement of the summary judgment standard. Rule 1-056(C) requires summary judgment "be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, *if any*, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) This is precisely what Goodrich, Clark, and Federal-Mogul did by relying on the pleadings, interrogatory responses, and related documents produced throughout the course of the litigation.

**{16}** Moreover, Goodrich, Clark, and Federal-Mogul did not need to prove "beyond all possibility" the absence of genuine material facts. *See Fid. Nat'l Bank*, 1978-NMSC-074, ¶ 7. Rather, each had to present evidence that was "sufficient in law to raise a presumption of fact or establish the fact in question *unless rebutted*." *Romero*, 2010-NMSC-035, ¶ 10 (emphasis added) (internal quotation marks and citation omitted). In this case, Goodrich, Clark, and Federal-Mogul, by relying on Plaintiffs' expert designation, an expert report in other litigation, and Plaintiffs' unverified interrogatory responses, raised a presumption that Plaintiffs had not linked Decedent's asbestos exposure to any of their respective products.

**{17}** Plaintiffs, on the other hand, failed to rebut this presumption by either failing to rely on evidence in their responses, or relying instead on their own unverified interrogatory responses—the same responses that Plaintiffs argued Defendants could not use and wished to have stricken from the record from Defendants' pleadings.[2] These unverified interrogatories, however, could not be used solely for Plaintiffs' benefit when it suited them, while at the same time be forbidden from use by Defendants. *Cf. Lackey v. Mesa Petroleum Co.*, 1976-NMCA-085, ¶ 9, 90 N.M. 65, 559 P.2d 1192 (holding that the defendant could not use its own unverified interrogatories in support of its motion for summary judgment). Moreover, in one responsive pleading, Plaintiffs relied on the allegations contained in their complaint, which is akin to providing no evidentiary support. *See* Rule 1-056(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading[.]"); *Horne*, 2013-NMSC-004, ¶ 15 (stating that the non-movant may not "rest upon the allegations of the complaint" (internal quotation marks and citation omitted)).

**{18}** Plaintiffs note that Defendants were aware of relevant evidence from the earlier California litigation because Plaintiffs referenced such evidence in their discovery responses. That evidence, however, was not itself put before the district court; rather, Plaintiffs did nothing more than make reference to it. Plaintiffs have not pointed us to, and we are not aware of, any legal authority for the proposition that this practice is an acceptable alternative to properly placing evidence before the district court to rebut a movant's prima facie showing for summary judgment. Accordingly, we assume no such

---

2Plaintiffs provided further evidence in their motion to reconsider; however, as discussed below, the district court denied their motion and did not consider any of the evidence presented with that motion.

authority exists and do not address this aspect of Plaintiffs' argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."). Therefore, Plaintiffs' responses to the summary judgment motions filed by Goodrich, Clark, and Federal-Mogul, devoid of evidence, were insufficient to rebut the evidence presented by these Defendants. *See Cates v. Regents of N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 9, 124 N.M. 633, 954 P.2d 65 ("If there is *no evidence* that creates a reasonable doubt as to the existence of a genuine issue, summary judgment is appropriate." (emphasis added)).

**{19}** As to Plaintiffs' second argument, i.e., that the factual record lacked sufficient development for the district court to rule on summary judgment, the proper mechanism to seek additional time to develop the factual record is set out in Rule 1-056(F). *See Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 18, 146 N.M. 520, 212 P.3d 408 ("Rule[ 1-056(F)] provide[s] that a party faced with a motion for summary judgment may ask the district court to stay its determination so that the non-movant can conduct discovery needed to rebut the motion. If such a stay is sought, the party must submit an affidavit explaining why additional time and discovery are needed." (citation omitted)). Plaintiffs never invoked Rule 1-056(F) or filed a Rule 1-056(F) affidavit seeking a stay. Given the unrebutted presumptions in favor of Goodrich, Clark, and Federal-Mogul, and Plaintiffs' failure to seek additional time to develop the factual record, we conclude that summary judgment was properly granted for Goodrich, Clark, and Federal-Mogul.

## C. The District Court's Order Granting Summary Judgment for FGLC Contains Insufficient Findings of Fact and Conclusions of Law

**{20}** FGLC filed its motion for summary judgment on April 1, 2016. FGLC argued that Plaintiffs used non-descriptive terms in their discovery responses detailing the products sold by FGLC that allegedly contributed to Decedent's death. FGLC also argued that Plaintiffs offered no proof that the products actually contained asbestos. FGLC further argued that Plaintiffs' discovery responses did not specify the exact sites where Decedent was allegedly exposed to asbestos from its products. Finally, FGLC argued that Plaintiffs failed to produce evidence or witnesses to show an asbestos-containing product from FGLC was the cause of Decedent's harm. FGLC, therefore, carried its initial burden to make a prima facie showing of entitlement to summary judgment, and thus shifted the burden to Plaintiffs to produce evidence illustrating the necessity of a trial. *See Romero*, 2010-NMSC-035, ¶ 10 (outlining the burdens of the parties in summary judgment proceedings).

**{21}** Plaintiffs' response contained dozens of pages of exhibits, including an affidavit from one of the expert witnesses listed in Plaintiffs' January 2016 expert designation, wherein the expert described asbestos-containing products supplied by FGLC and allegedly used by Decedent. The response also included affidavits from three of Decedent's children, and their amended interrogatory responses, all of which included

information on asbestos-containing products allegedly sold by FGLC to Decedent. FGLC's reply took issue with the affidavit from Plaintiffs' expert, as well as the use of supportive affidavits from three of Decedent's children that appeared to be inconsistent with Plaintiffs' original interrogatory responses, though they were later amended, referring to them as "sham attempts to create facts" and requesting that the district court refuse to consider them.

**{22}** In granting FGLC's motion for summary judgment, the district court concluded that the affidavits submitted with Plaintiffs' response were "self-serving, not reliable and an attempt to create sham issues of fact." The district court's order further stated that "gamesmanship and inadherence [sic] to court rules cannot be employed to avoid summary judgment; therefore [FGLC] is entitled to summary judgment as a matter of law."[3] The order also included the definitions of the causation standards applicable to toxic tort cases and seemingly finds that Plaintiffs presented no causation evidence, as the affidavits submitted with Plaintiffs' response were deemed unreliable and disregarded as sham affidavits.

**{23}** On appeal, FGLC maintains that Plaintiffs' interrogatory responses should be disregarded because they were amended after the discovery deadline and cannot themselves create a fact issue, and that the affidavits submitted by three of Decedent's children were "properly disregarded" as "sham attempts to create a fact question[.]" FGLC largely ignores the remainder of the evidence produced by Plaintiffs in their response to its motion, and does not make an alternative argument that if the district court were to accept the affidavits submitted with Plaintiffs' response, Plaintiffs still failed to produce evidence on the causation elements necessary for their claims. *See* UJI 13-1424 ("Causation; products liability.").

**{24}** With regard to the first basis on which the district court's order indicates it granted summary judgment for FGLC, i.e., that the affidavits submitted with Plaintiffs' response were sham affidavits and thus disregarded, we adhere to the prevailing federal court rule that a district court may disregard affidavits offered in opposition to a motion for summary judgment when the affidavit is intended "to create a sham issue of fact." *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 9, 128 N.M. 106, 990 P.2d 219. The "[sham] affidavit" rule applies generally when the affidavit in question amounts to a "post-hoc effort[] to nullify [earlier] unambiguous admissions under oath." *Id.* ¶ 12.

**{25}** Here, the affidavits at issue contradict a statement in a general objection made in Plaintiffs' original unverified interrogatory responses that "none of [D]ecedent's family

---

3This language indicates that the district court intended to use summary judgment as a sanction against Plaintiffs for their litigation conduct. However, after granting summary judgment, in ruling on Plaintiffs' motion to reconsider, the district court stated that it did not use summary judgment as a sanction. We also note that if the district court's intent was to grant summary judgment against Plaintiffs as a sanction for Plaintiffs' litigation conduct, it was required to engage in a detailed analysis of the reasons justifying such an extreme action, which it did not do. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 18, 416 P.3d 264 (concluding that the district court is to consider specific, enumerated factors when it "is considering whether to grant a motion for summary judgment as a sanction for abusive litigation conduct"). For these reasons, we offer no analysis in this regard.

were present at the scene. All witnesses to this accident are now defendants[.]" Conversely, in their respective affidavits, three of Decedent's children stated that at various times, they each went with Decedent to FGLC to purchase allegedly hazardous products, which were also identified specifically in the affidavits. Plaintiffs amended their interrogatory responses to correct the discrepancy between the general interrogatory objection and the individual Plaintiffs' status as witnesses in this case. Given that the affidavits contained specific information, including time frames and products, and because Plaintiffs took care to amend their interrogatory responses to correct the general objection, we are not persuaded that Plaintiffs intended to create sham issues of fact. Accordingly, we conclude that the district court erroneously determined that the affidavits were sham affidavits, and thus improperly disregarded them. *See Lotspeich v. Golden Oil Co.*, 1998-NMCA-101, ¶¶ 11-12, 125 N.M. 365, 961 P.2d 790 (concluding that the district court erred by failing to consider affidavits submitted in opposition to a motion for summary judgment where "[t]he claims set forth in the affidavits are neither conclusory nor without a factual base").

**{26}** Additionally, while not entirely clear from the district court's order, it appears that the district court also disregarded the affidavit from Plaintiffs' expert submitted in support of their response as a sham affidavit. FGLC urged the district court to disregard this affidavit because it "relie[d] upon . . . Plaintiffs' affidavits." As outlined above, it was error for the district court to determine that the individual Plaintiffs' affidavits were sham affidavits. Regardless, the expert's affidavit indicates that the expert also relied upon deposition testimony of the individual Plaintiffs from Plaintiffs' litigation in California, not just the individual Plaintiffs' affidavits. Thus, we conclude that this affidavit was also improperly disregarded by the district court. *See id.* (concluding the district court's refusal to consider affidavits was error).

**{27}** Having concluded that the district court's determination that Plaintiffs' affidavits intended to create sham factual issues and thus should be disregarded was erroneous, we turn to the remaining basis on which the record before this Court indicates that the district court could have granted summary judgment for FGLC: lack of causation evidence. As previously stated, the district court's order includes the definitions of the causation standards applicable to toxic tort cases. The district court's order then states that "Plaintiff[s] ha[ve] failed to produce evidence from which a reasonable person could conclude that [Decedent] was injured by . . . product(s) sold by FGLC." For this reason, we find ourselves unable to resolve this portion of Plaintiffs' appeal, as the reasoning behind the district court's ruling granting summary judgment for FGLC appears to be based primarily on its erroneous conclusion that Plaintiffs' affidavits were "an attempt to create sham issues of fact." *See Montoya v. Medina*, 2009-NMCA-029, ¶ 5, 145 N.M. 690, 203 P.3d 905 (stating that "[f]indings of fact and conclusions of law are insufficient to assist a reviewing court if they do not resolve the material issues in a meaningful way" (alteration, internal quotation marks, and citation omitted)).

**{28}** In light of the foregoing, we reverse the district court's ruling insofar as it disregards Plaintiffs' affidavits as sham affidavits. We remand the case to the district court with instructions to enter clear findings of fact and conclusions of law with regard

to whether Plaintiffs produced evidence concerning if FGLC products were a general and specific cause of Decedent's harm. *See id.* ¶ 9 (remanding the case "to the district court to issue written findings of fact and conclusions of law that are sufficiently specific to permit appellate review").

## II.      Plaintiffs' Motion to Reconsider

**{29}**    Plaintiffs argue that because they believed in "good faith" that Defendants had not shifted the summary judgment burden, the district court abused its discretion in denying Plaintiffs' motion to reconsider its grant of summary judgment for Defendants. We disagree. Because we remand this case for the district court to enter clear findings of fact and conclusions of law with regard to FGLC, we limit our discussion of the motion to reconsider to Goodrich, Clark, and Federal-Mogul.

### A.      Standard of Review

**{30}**    "We review the denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. "We cannot say the district court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (internal quotation marks and citation omitted).

### B.      The District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Motion to Reconsider

**{31}**    Plaintiffs concede that, at least as it relates to certain Defendants, the proper course of action would have been to supplement their summary judgement briefing with appropriate fact evidence. Plaintiffs attempted to include this evidence with their motion to reconsider and argue that the district court erred in refusing to consider such evidence. Specifically, Plaintiffs argue the district court abused its discretion because the record revealed factual disputes after Plaintiffs presented supportive evidence with their motion to reconsider. "However, merely identifying the existence of evidence which may have tended to support a different outcome does not demonstrate an abuse of discretion." *In re Camino Real Env't Ctr., Inc.*, 2010-NMCA-057, ¶ 23, 148 N.M. 776, 242 P.3d 343.

**{32}**    Moreover, in denying the motion to reconsider, the district court noted that it had granted summary judgment because Defendants had made prima facie showings that shifted the burden to Plaintiffs, and that Plaintiffs did not demonstrate specific evidentiary facts in response. It further concluded that the evidence Plaintiffs attempted to proffer in support of their motion to reconsider was available to them before Defendants filed their motions for summary judgment and at the time Plaintiffs filed their respective responses. On appeal, Plaintiffs ask us to consider this evidence because it

"established the existence of genuine issues of material fact as to each [d]efendant."
We will not do so. *See City of Sunland Park v. N.M. Pub. Regul. Comm'n*, 2004-NMCA-024, ¶ 17, 135 N.M. 143, 85 P.3d 267 ("[T]his Court considers additional material attached in support of a motion for reconsideration only when the district court considers or relies on the material to make its final determination." (emphasis omitted)).

**{33}** For these reasons, we conclude that the district court properly exercised its discretion not to consider materials purporting to create factual issues that were presented only after summary judgment was granted. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (concluding that the district court did not abuse its discretion in refusing to consider materials filed with a motion for reconsideration of summary judgment). Accordingly, we affirm the district court's denial of Plaintiffs' motion to reconsider as to Goodrich, Clark, and Federal-Mogul.

**CONCLUSION**

**{34}** We affirm the grant of summary judgment and the denial of Plaintiffs' motion to reconsider as to Goodrich, Clark, and Federal-Mogul. We reverse in part, and remand the case to the district court with instructions to enter clear findings of fact and conclusions of law regarding causation evidence as to FGLC.

**{35}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J.  MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**